David *v.* Conard

---

## David *v.* Conard and Co.

By provision of statute, an account bears interest from the time of its liquidation ; and that will be presumed from the day the account was presented for payment, if no objection is made to its correctness.

In order to recover interest on an account, it should be averred in the declaration, and specified in the bill of particulars.

Where the damages awarded in the district court are more than the . amount laid in the declaration, a *remittitur* may be entered for the excess, and judgment affirmed in the supreme court for the amount alleged.

### Error, *to Des Moines District Court.*

· *M. D. Browning,* for the plaintiff in error, cited 1 Chitty, Pl. 370 ; *Roberts* v. *Smith,* Morris, 417.

*Henry W. Starr,* for the defendant, cited 7 Wend. 315, 318 ; 2 Blackf. 338 ; 1 Paine and Duer's Prac. 358, and note.

David *v.* Conard.

*Opinion by* GREENE, J. The only error assigned in this case, is that judgment was rendered for a greater amount than is claimed in the declaration. It contains two counts in *inde-bitatus* and *quantum merruit* assumpsit; averring damages at two hundred and four dollars and sixty-five cents. Neither the declaration nor bill of particulars contains any claim for interest. The judgment was rendered for the sum of two hundred and twenty dollars and ninety-two cents ; the surplus being for interest. An account will evidently bear interest, under our statute, from the time of its liquidation. *Rev. Stat.* 293, § 1. This will be presumed from the day the bill was presented, if no objections are made to it. But to recover interest on an account, it should be averred in the declaration, and specified in the bill of particulars. *Schermerhorn* v. *Perman,* 2 Bailey, 173; 2 Stewart, 225 ; *Roberts* v. *Smith,* Morris, 417.

The question of interest often becomes a matter of controversy and proof. If the claim for it is not set forth in the declaration or bill of particulars, the defendant would not have sufficient notice of the extent of plaintiff's claim, and on the trial might be taken by surprise, and innocently lose for the want of sufficient time to procure the necessary testimony. For this reason we think it would be unsafe to recognize a different practice from that which was established by decisions in our territorial supreme court.

As the damages found are greater than the amount laid in the declaration, the plaintiff may release the surplus, and take an affirmance of the judgment below for the amount claimed.

By the approval of plaintiff's attorney, a *remittitur* will accordingly be entered for the balance, over the sum of two hundred and four dollars and sixty-five cents; for which amount the judgment of the court below will be affirmed.